[Cite as *Conner v. Scott*, 2018-Ohio-1420.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JOSEPH E. CONNER, SR. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27547 |
| | : | |
| v. | : | Trial Court Case No. 17-CVI-108W |
| | : | 17-CVI-187E |
| JAMES A. SCOTT | : | |
| | : | (Civil Appeal from |
| Defendant-Appellee | : | Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of April, 2018.

. . . . . . . . . .

JOSEPH E. CONNER, SR., 5566 Shady Oak Street, Huber Heights, Ohio 45424
    Plaintiff-Appellant, Pro Se

WILLIAM O. CASS, Atty. Reg. No. 0034517, 135 W. Dorothy Lane, Suite 117, Dayton,
Ohio 45429
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Joseph E. Conner, Sr. appeals pro se from the trial court's judgment entries dismissing small-claims complaints in two separate cases.

{¶ 2} The record reflects that Conner filed the first of the two cases, 2017CVI00108W, against appellee James A. Scott in January 2017, alleging damages to a trailer and seeking $6,000 in compensation. The following month, Scott filed the second of the two cases, 2017CVI00187E, against Conner, raising contract and tort claims related to the trailer and a food-truck business between the parties and seeking $6,000 in compensation. The trial court set both cases for a small-claims trial. Thereafter, on April 10, 2017, the trial court filed identical dismissal entries in both cases. The entries contain the following analysis:

Joseph E. Conner, Sr. filed a Small Claims Petition against his business partner, James A. Scott, in Montgomery County Municipal Court, Western Division on July 5, 2016. That case, 2016CIV00645W, was heard on September 8, 2016 and a decision was rendered by the Magistrate in that matter on September 30, 2016, granting Judgment to Conner.

While the 2016CVI00645W case was pending, several additional causes of action became known to both Conner and Scott but they failed to amend or file any additional court actions to address these MANDATORY COUNTER-CLAIMS. The issues that came to light were related to the same business venture that is outlined in 2016CIV00645W making them mandatory counterclaims.

This Court held a hearing on April 5, 2017 to address the two new

cases and it was determined after discussing the cases with the parties, that the claims being made in 2017CVI00187E and 2017CVI00108W were issues that the parties should have pled in the 2016CVI00645W matter.

Cases 2017CVI00187E and 2017CVI00108W are dismissed for failing to file as mandatory claims in the prior case. These cases are ordered DISMISSED.

**{¶ 3}** Conner subsequently filed what we construed as a notice of appeal in both of the dismissed cases. (*See* July 18, 2017 Decision and Entry). In his appellate brief, Conner recites numerous "facts"—including assertions about what occurred when the parties appeared for the hearing before the trial court—that do not appear in the record. In his "cause of action," which we construe as his assignment of error, Conner states:

I Joseph E, Conner Sr, {relator}, has no adequate remedy in the above appeal, but to at least to get my case read from a judge that will give me a justified executed judgment on my behalf! I am doing all of this pro se! I paid a fee to hear my case, to be heard, not just to file paper work and get told that it aint getting heard! I really think that was wrong, all I want is, that my case allowed to be opened back up, and heard the way it supposed to be!

I am hoping that the Appeal Court has a thorough look at my case and appeal, and re-open it to at least be judged, and some compassion in the public eye!

And in accordance to the law I have done everything that I could by the law!

(Appellant's brief at 5).

{¶ 4} In the argument that follows, Conner states:

I Joseph E Conner Sr, as the complaintee, I am pleading for my right as a Citizen of Ohio, to look at all the things that this man has done to me and my property, And allow me to defend what I do believe is my sworn duty to show James A. Scott that He just can't destroy another person's property, and threaten someone's family and get away with it.

Since the trial James A. Scott is trying to put my judgement on chapter 7, thinking he is going to get away without repairing my trailer, and knowing he tore it up and don't have to pay for his mistake.

I am only asking the Appeal Court to give me a fair and justified court date to get my complaint heard in the right way, I am not rich nor think I am, but being a real husband, father, grandfather, son, nephew, and so on, in myself those tell me im rich all the ways I can imagine.

If it pleases the court, I don't want anyone to think I am being disrespectful towards Judge James D. Piergies, but he did not take into consideration the fact that I had won a judgement against James A. Scott. It is like he just simply dismissed me, like I really didn't matter and I don't think that was fair at all.

With him working in the judicial system, I thought my case would have been handled fairly. Again the[re] are no ill feelings towards [Judge] James D. Piergies, I Just would like to be heard and judged fairly.

(*Id.* at 6-7).

{¶ 5} In response, Scott asserts that the trial court properly dismissed Conner's complaint in 2017CVI00108W for two reasons: (1) res judicata precluded the complaint, which raises the same claim that was adjudicated in Conner's favor in case 2016CVI00645W; and (2) a bankruptcy discharge Scott obtained on August 18, 2017 listed Conner as a creditor, thereby discharging any debt Scott owes to Conner.

{¶ 6} Upon review, we first note that Conner was not prejudiced by the trial court's dismissal of case 2017CVI00187E, which Scott filed against Conner. Although Conner has appealed from the dismissal of that case, his argument does not address it. Therefore, we will affirm the trial court's dismissal of case 2017CVI187E.

{¶ 7} As for the trial court's dismissal of case 2017CVI00108W, which Conner filed against Scott, we see no basis for reversal. The trial court found that Conner's claims in that case were required to have been brought in his earlier, successful lawsuit against Scott in case 2016CVI00645W, which also apparently involved damage to Conner's trailer. In essence, the trial court's ruling with regard to Conner's complaint rested on res-judicata principles.[1] *See J & H Reinforcing & Structural Erectors, Inc. v. Wellston City School Dist.*, 4th Dist. Jackson No. 09CA8, 2010-Ohio-2312, ¶ 21 ("Apparently, the trial

---

[1] Although the trial court mentioned "compulsory counterclaims," that reference technically would have applied only to Scott's claims against Conner, who was the plaintiff in the original lawsuit. *See* Civ.R. 13(A) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" As the plaintiff in the original lawsuit, Conner would not have had a "counterclaim" per se. The fact remains, however, that res judicata precludes him from raising in subsequent lawsuits any claims arising out of the transaction or occurrence that was the subject of his initial lawsuit. Indeed, res judicata precludes successive lawsuits by a plaintiff whose claims involve the "same operative nucleus of facts or the same transactions or events." *Powell v. Doyle*, 8th Dist. Cuyahoga No. 72900, 1998 WL 703012, *4 (Oct. 8, 1998).

court held that J & H's claims were related to the subject matter of the suit in the Court of Claims and, therefore, J & H was obliged to file these claims in that action. But, as we stated earlier, this is merely an argument that these claims are precluded by res judicata."). The trial court explained that it reached its conclusion "after discussing the cases with the parties" during an April 5, 2017 hearing. We note, however, that case 2016CVI00645W has not been made part of the record before us. Perhaps more importantly, we have no transcript of the April 5, 2017 hearing before the trial court. Therefore, on the record before us, we have no basis on which to find error in the trial court's decision. Without knowing what occurred during the hearing, we are compelled to presume regularity of the proceedings below and affirm. In light of this conclusion, we need not address Scott's alternative argument that his recent bankruptcy barred Conner from recovering in case 2017CVI00108W.

{¶ 8} For the foregoing reasons, we overrule Conner's assignment of error and affirm the trial court's judgment in cases 2017CVI00108W and 2017CVI00187E.

. . . . . . . . . . . . .

WELBAUM, P. J. and TUCKER, J., concur.

Copies mailed to:

Joseph E. Conner, Sr.
William O. Cass
Hon. James D. Piergies